UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

-against-

307 LGF MOTT STREET, LLC; 309 C/O
SOLIL MANAGEMENT, LLC,

                Defendants.

1:19-CV-4376 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings a criminal complaint in which he names 307 LGF Mott Street, LLC, and Solil Management, LLC as defendants. By order dated October 11, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff, using a criminal complaint form, seems to assert that the defendants committed the following offenses:

> Stalking 1st Deg, Aggravated Harassment 1st Deg, Cyber Stalking, Malicious Persecution 1st Deg, Slander 1st deg, Defamation of Character, Heresy, Collusion, Criminal Threats 1st Deg, Economic Espionage Act, Act/Theft of trade secrets/intellectual property crimes/Securities and Cocmmodities Fraud/Identity Theft, Domestic Terrorism, Obstruction of Justice 1st Deg, Assault 1st Deg, Negligent Homicide 1st Deg, Amendment V, VI, VIII, XVI, Rome Statute, Pursuit of Happiness.

(ECF 1.) Plaintiff also seems to allege that the defendants violated his federal constitutional rights and injured him under state law. The Court therefore construes Plaintiff's complaint as asserting federal constitutional claims under 42 U.S.C. § 1983 and claims under state law.

## DISCUSSION

### A. Private prosecution

The Court must dismiss any claims in which Plaintiff seeks to have any of the defendants, or anyone else, criminally prosecuted. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which he seeks to have the defendants, or anyone else, criminally prosecuted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Claims under 42 U.S.C. § 1983

The Court must also dismiss Plaintiff's claims under 42 U.S.C. § 1983 against the defendants because Plaintiff has failed to allege any facts showing that either defendant has acted as a state actor when violating Plaintiff's federal constitutional rights. Claims for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

The defendants are private parties, and Plaintiff has alleged no facts suggesting that they were acting under color of state law when they violated his federal constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the defendants. *See* § 1915(e)(2)(B)(ii).

### C. State-law claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**E.      Plaintiff's litigation history**

The Court notes that after Plaintiff filed the complaint commencing this action, the Court, in another action brought by Plaintiff, barred Plaintiff from filing any new civil action in this Court *in forma pauperis* without first obtaining permission of the Court. *See Genao v. Saint Pauls Church*, 1:19-CV-2704, 6 (S.D.N.Y. June 5, 2019). The Court reminds Plaintiff that that filing bar remains in effect.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's federal claims for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

4

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 18, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge